IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN R. STAGGERS                                        PLAINTIFF

vs.                          Civil No. 4:21-cv-04041

TYSON FOODS                                              DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Tyson Foods', ("Tyson") Motion To Dismiss.   ECF No. 9.   Plaintiff did not file a response to this motion.   Pursuant to the provisions of 28 U.S.C. ̧ 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation.   This Court, having reviewed the parties' arguments and briefing, recommends Tyson's Motion To Dismiss (ECF No. 9) be **GRANTED.**

## 1. Background

On June 16, 2021, Plaintiff filed a *pro se* Complaint pursuant to Title VII of the Civil Rights Act of 1964 against Defendant Tyson.   ECF No. 1.   Plaintiff was employed with Tyson from on or about September 17, 2017, until on or about October 21, 2020, when he was discharged.   ECF No. 1 and 9, p. 4.   In the Complaint, Plaintiff alleges he was discriminated against based on his disability when he could not return to work until he had a kidney transplant and was terminated when he took extended leave.   *Id.*

On October 12, 2021, Tyson filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure12(b)(5) and 12(b)(6).   ECF. No. 9.   According to Tyson, Plaintiff's Complaint must be dismissed with prejudice because he failed to timely serve his Complaint on Tyson and he failed to file his Complaint within 90 days of receiving a notice of

1

rights from the EEOC.    Plaintiff failed to respond to the Motion to Dismiss.    On November 1, 2021, the Court entered an Order directing Plaintiff to show cause why the Motion to Dismiss should not be granted.    ECF No. 12.    Plaintiff was ordered to respond no later than November 17, 2021.    *Id.*    On November 17, 2021, Plaintiff sought an extension of time to respond to the Motion to Dismiss.    ECF No. 13.    On November 22, 2021, the Court entered an Order allowing Plaintiff until December 17, 2021, to respond to the Motion to Dismiss.    ECF No. 14.    Plaintiff failed to file any response.

## 2.  <u>Applicable Law</u>

Pursuant to Fed. R. Civ. P. 12(b)(5), a case may be dismissed for insufficient service of process.  Before a federal court may exercise personal jurisdiction over a Defendant, the procedural requirement of service of summons must be satisfied.  *Omni Captiol Int'l, v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Fed. R. Civ. P. 4(m) provides for a defendant to be served within a 90 days, however the court may extend the time for service for an appropriate period if the plaintiff can show good cause for failure to serve within the allowed time.

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court does not, however, accept as true any allegation that is a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009).  The complaint must have a short and plain statement of the claim showing the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *See Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *See Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *See Braden v. Wal‑Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

**3.   Discussion**

In the Motion to Dismiss, Tyson argues Plaintiff's Complaint must be dismissed with prejudice because he failed to file his Complaint within 90 days of receiving the Notice from the EEOC and failed to timely serve his Complaint on Tyson pursuant to Fed. R. Civ. P. 4(m). ECF No. 9.

**A. Failure to Timely File Complaint**

Pursuant to 42 U.S.C. § 2000e–5(f)(1), an individual seeking to bring a lawsuit under Title VII must do so within 90 days of receipt of the right-to-sue notice from the EEOC. "An employee who fails to bring a complaint in federal court following receipt of a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge...." *Frazier v. Vilsack,* 419 Fed. Appx. 686, 689–690 (8th Cir.2011). This 90 day

filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC. *Hill v. John Chezik Imports,* 869 F.2d 1122, 1124 (8th Cir.1989).

On March 9, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of a disability. ECF No. 9, p. 4. One week later, on March 16, 2021, the EEOC issued a Dismissal and Notice of Rights ("Notice") to Plaintiff. ECF No. 1, p. 5. Plaintiff states in his Complaint he received this Notice on March 17, 2021. ECF No. 1. p. 2. Therefore, Plaintiff's 90 day filing deadline was June 15, 2021. Plaintiff's Complaint was not filed until June 16, 2021, and therefore was not filed timely.

In certain limited situations, the Court may for equitable reasons toll the 90-day statute of limitations for commencement of a civil action after dismissal of an EEOC charge. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). These situations include ones where "(1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998) (citing *Baldwin Cty. Welcome Ctr.*, 466 U.S. at 151). However, in this case the record does not show any of these situations have occurred, and Plaintiff has failed to state any reason why the statute of limitations should be tolled.

Because the present action was filed over 90 days after Plaintiff received his Notice of Right to Sue from the EEOC, Plaintiff's claims are time barred.

### B. Failure to Timely Serve under Rule 4(m)

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

4

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).   However, the Rule also provides that "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added).   Such an extension of time should be granted if the court concludes there was either good cause or excusable neglect in a plaintiff's failure to timely serve. *See Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010).   In determining whether excusable neglect has been established, the Eighth Circuit examines the following four factors: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* at 959.

As previously stated, Plaintiff's Complaint was filed on June 16, 2021.   ECF No. 1.   On July 27, 2021, this Court issued an Order, directing Plaintiff to "fully comply with Rule 4 of the Federal Rule of Civil Procedure by serving Defendant with a summons and a copy of the Complaint."   ECF No. 5.   The Order further explained "[f]ailure to serve Defendant within 90 days after the Complaint being filed may result in Plaintiff's case being dismissed." *Id.* Plaintiff's Complaint was not served on Tyson until September 29, 2021, which was beyond the 90 day serving deadline of September 14, 2021.

The Court can extend the time for service if the court concludes there was either good cause or excusable neglect in a plaintiff's failure to timely serve.   In this matter, given that the Plaintiff failed to respond to Tyson's Motion to Dismiss, there has been no showing on the part of Plaintiff of either good cause or excusable neglect for his failure to timely serve the Complaint.

### C. Failure to Comply with Court Order

On November 22, 2021, the Court entered an order giving Plaintiff until December 17, 2021, to respond to the Motion to Dismiss.   ECF No. 14. To date Plaintiff has not responded.

5

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with numerous orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) should be dismissed for failure to comply with the Order of this Court.

## 4. <u>Conclusion</u>

Based upon the foregoing, this Court recommends Defendant Tyson's Motion to Dismiss (ECF No. 9) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

are reminded that objections must be both timely and specific to trigger de novo review by the district court.  *See Thompson* v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 21st day of December 2021.

/s/ *Barry A. Bryant*

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE